IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| ZACHARY PHELPS, *individually and on behalf of all others similarly situated* 4711 Mead Lane Titusville, FL 32780 : : : : : : Plaintiff, : : v. : : LOGISTIX, LLC : 1918 Dayton Blvd. : Chattanooga, TN 32780 : : : Defendant. : | CIVIL ACTION NO. _____ **JURY TRIAL DEMANDED** |

---

## COLLECTIVE ACTION COMPLAINT

Plaintiff Zachary Phelps ("Plaintiff") hereby brings this action against Defendant LogistiX, LLC ("Defendant"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this complaint contending that Defendant unlawfully failed to pay him and other similarly-situated individuals employed in the positions of Project Manager, Team Lead/Senior Project Manager, or in positions with similar job duties ("Class Plaintiffs") overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiff is a former employee of Defendant who was employed in the positions of Project Manager and Team Lead/Senior Project Manager. During the course of their employment, Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of

forty (40) in a workweek. Specifically, Plaintiff contends that he and Class Plaintiffs were paid on a day rate basis, without receiving an overtime premium for all hours worked over forty (40) in a workweek, and that Defendant failed to accurately track and pay him and Class Plaintiffs for all hours worked, including, but not limited to, certain compensable travel time.

3. Accordingly, Plaintiff contends that he and Class Plaintiffs are/were owed unpaid wages and overtime compensation which were denied them as a result of Defendant's unlawful pay practices.

4. Plaintiff brings this action as a representative action under the FLSA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Specific personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania with respect to the claims alleged herein by virtue of its purposeful availment of the privilege of conducting business activities within the Commonwealth as indicated by, among other things, soliciting and accepting multiple commercial contracts to be performed at Amazon warehouse locations within the Commonwealth of Pennsylvania, on which Plaintiff and Class Plaintiffs worked during the time period relevant to this action.

8. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and a substantial part of the unlawful

practices about which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania and in this judicial district.

## PARTIES

9. Plaintiff Zachary Phelps currently resides 4711 Mead Lane, Titusville, FL 32780.

10. Upon information and belief, Defendant LogistiX, LLC, is a limited liability company organized and existing under the laws of the State of Tennessee, with a principal office at 1918 Dayton Blvd., Chattanooga, TN 37415. Upon information and belief, Defendant conducts business operations throughout the Commonwealth of Pennsylvania, where, upon information and belief, in 2020 and 2021, it performed multiple week-long contracts, including, upon information and belief, setting up operations at multiple Amazon warehouse locations in King of Prussia, Philadelphia, West Norriton, and Conshohocken.

11. Upon information and belief, despite being organized under the laws of the State of Tennessee, Defendant (and by extension, Plaintiff and Class Plaintiffs), only performed a small percentage of its business and installation/logistics operations within Tennessee, with the vast majority of its work being performed in other states, including the Commonwealth of Pennsylvania.

12. Defendant was/is the employer of Plaintiff and Class Plaintiffs and is covered by the FLSA.

13. Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000, and has multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

14. Plaintiff and, upon information and belief, Class Plaintiffs was/were employees who were engaged in commerce and employed by Defendant during all times relevant hereto and, as such, were employees entitled to the FLSA's protections. See 29 U.S.C. 203(e).

15. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

18. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this nationwide collective action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the positions of Project Manager, Team Lead/Senior Project Manager, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were paid on a day rate basis and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").

19. Plaintiff estimates that there are in excess of twenty (20) other similarly situated Project Managers and Team Lead/Senior Project Managers who either are working or worked for Defendant in the Commonwealth of Pennsylvania and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a

workweek as a result of the unlawful practices described herein. The precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and/or personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

20.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's failure to pay an overtime premium beyond their day rate compensation, failure to accurately track and pay them for all hours worked, including compensable travel time, and/or misclassification of them as independent contractors, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

21.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

**FACTUAL BACKGROUND**

22.     Paragraphs 1 through 21 are hereby incorporated by reference as though the same were fully set forth at length herein.

23. Plaintiff first began his employment with Defendant on or around on January 14, 2020, when he was hired as a Project Manager.

24. At the time, which was not long after Defendant's formation in or around April 2019, Plaintiff, and upon information and belief, Defendant's other Project Managers were made to execute Forms W-9 and were compensated as if they were independent contractors, rather than as employees.

25. Upon information and belief, in or around May 2020, Defendant began hiring its Project Managers on a Form W-2 basis to perform the same work as Plaintiff.

26. Defendant would ultimately reclassify Plaintiff as a W-2 employee in late February 2021, despite the fact that his job duties, responsibilities, and conditions of employment did not change with his reclassification.

27. Despite being paid on a Form 1099 basis from January 2020 until February 2021, Plaintiff's job duties, responsibilities, and conditions of employment were no different from the Project Managers and Senior Project Managers Defendant hired and paid on Form W-2 basis.

28. At no point did Plaintiff enter into a written independent contractor agreement with Defendant.

29. Upon information and belief, Defendant did not enter into written independent contractor agreements with Class Plaintiffs.

30. As Project Manager, Plaintiff's primary job duties included traveling to different worksites – specifically, Amazon warehouses which Defendant had been retained to set up – and would coordinate and help execute the scope of work at each location.

31. For example, for a typical warehouse setup project, Defendant's scope of work would include: receiving, managing, and kitting (bundling) inventory, installing 5S safety tape,

installing signage, setting up computer systems, implementing health and safety standards, installing lockers and racks, assembling carts, and cleaning up and removing debris and excess materials.

32. In coordinating and executing the scope of work, Plaintiff and Class Plaintiffs would spend a substantial percentage of their time performing manual tasks, while also coordinating and directing the work of laborers provided by Defendant and Amazon.

33. In or around June 2020, Plaintiff was promoted to the position of Team Lead/Senior Project Manager.

34. As Team Lead/Senior Project Manager, Plaintiff performed the job duties of Project Manager, but was additionally responsible for supervising other Project Managers.

35. For example, as Team Lead/Senior Project Manager, Plaintiff and, upon information and belief, other Team Leads/Senior Project Managers could write up Project Managers and even implement a performance improvement plan.

36. Thus, while Plaintiff and Class Plaintiffs did exercise some supervisory functions, they were nevertheless paid on a day rate basis, and thus did not/do not meet the requirements for any exemptions from the overtime compensation requirements of the FLSA which require payment on a salary basis – such as the executive exemption – or on a salary or fee basis – such as the administrative or professional exemptions.

37. Accordingly, Plaintiff and Class Plaintiffs were/are "non-exempt" within the meaning of the FLSA, and thus were entitled to receive overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

38. Plaintiff was paid on a day rate basis of $200, plus $50 per diem pay (increased to $100 when he was promoted to Team Lead/Senior Project Manager), for each travel and work day irrespective of his actual hours worked.

39. Plaintiff and, upon information and belief, Class Plaintiffs, only received per diem pay (as opposed to a day rate) for days they spent traveling for Defendant, even when traveling away from their home communities during normal working hours.

40. By way of example, during the fourteen (14) day work period from July 19, 2021 to August 1, 2021, Plaintiff worked thirteen (13) days and spent another day traveling for Defendant away from his home community.

41. Plaintiff worked between eight (8) and twelve (12) hours each workday during the aforementioned work period, for a total of approximately one hundred and thirty (130) hours, plus approximately eight (8) hours traveling during normal working hours outside of his home community.

42. Despite thus working at least fifty-eight (58) hours of overtime during said work period, Plaintiff only received a day rate of $200 for each work day (plus per some per diem pay), with no overtime compensation.

43. During the course of his employment, Plaintiff performed a substantial percentage of his jobs within the Commonwealth of Pennsylvania, including in King of Prussia, Philadelphia, West Norriton, and Conshohocken, in addition to jobs at locations outside of Pennsylvania, including in New Jersey, Florida, Virginia, California, Washington, Arizona, Michigan, Kansas, Texas, and Massachusetts.

44. Depending on the distance of Plaintiff and Class Plaintiffs from a given job assignment, Defendant would book and pay for their flights and lodging.

45. Despite the fact that Plaintiff and, upon information and belief, Class Plaintiffs regularly worked well in excess of forty (40) hours per week, they did not receive any overtime compensation for overtime hours worked.

46. At least initially, Plaintiff and, upon information and belief, Class Plaintiffs were classified as independent contractors by Defendant, are/were paid on a day rate basis, and are/were not considered eligible by Defendant to receive overtime compensation for hours worked over forty (40) in a workweek.

47. Plaintiff and, upon information and belief, Class Plaintiffs were misclassified by Defendant as independent contractors and were, in actuality, non-exempt employees of Defendant within the meaning of the FLSA.

48. Defendant maintains/maintained significant control over the manner by which Plaintiff and Class Plaintiffs performed/perform their duties as Project Managers Team Lead/Senior Project Managers.

49. In this regard, Plaintiff and, upon information and belief, Class Plaintiffs were/are directed in their work activities by Defendant's upper management, who instruct them regarding the manner in which they are to perform their tasks.

50. Moreover, Plaintiff and Class Plaintiffs were/are required to attend meetings at Defendant's jobsites, during which they received/receive direction, supervision, and feedback from Defendant's management.

51. In addition, Plaintiff and, upon information and belief, Class Plaintiffs are/were assigned a work schedule by Defendant, who instructed Plaintiff and Class Plaintiffs when to arrive at their jobsites and controlled when they could leave for the day.

52.     Upon information and belief, Plaintiff and Class Plaintiffs are/were required to perform their work in accordance with certain specific guidelines, protocols, and trainings provided by Defendant.

53.     Plaintiff and, upon information and belief, Class Plaintiffs, were not permitted to outsource their work or employ helpers.

54.     Defendant also provided Plaintiff and Class Plaintiffs with the tools and equipment necessary to perform their job, including, but not limited to forklifts, scissor lifts, floor scrubbers, impacts, trills, screwdrivers, hand tools, power tools, tool bags, and gang boxes.

55.     The set-up and installation services performed by Plaintiff and Class Plaintiffs were and are an integral part of Defendant's business.

56.     As evidenced by, among other things, Plaintiff's approximately twenty (20) month tenure of employment with Defendant, Plaintiff and Class Plaintiffs generally do not work for Defendant for only one project, but rather for an open-ended and long-term period of time.

57.     During a typical, average workweek, Plaintiff generally worked a <u>minimum</u> of fifty (50) hours, and frequently sixty (60) or seventy (70) hours, per week, not including time spent traveling to and from Defendant's job sites away from Plaintiff's home community which required overnight accommodation.

58.     Upon information and belief, Class Plaintiffs generally also worked significantly in excess of forty (40) hours per week, but did not receive overtime compensation as a result of Defendant's misclassification of them as independent contractors and/or payment on a day rate basis.

59. Plaintiff and Class Plaintiffs are/were paid on a day rate basis, and, as such, do not qualify for the exemptions for executive, administrative, or professional employees under the FLSA.

60. Plaintiff and Class Plaintiffs do not perform non-manual office work directly related to Defendant's management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendant.

61. Accordingly, Plaintiff and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA.

62. Plaintiff's and Class Plaintiffs' primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction.  In this regard, Plaintiff's and Class Plaintiffs' job duties do not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.  Rather, Plaintiff and Class Plaintiffs were required to perform their job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendant.

63. Accordingly, Plaintiff and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA.

64. Finally, there are/were no other exemptions under the FLSA which could arguably be applicable to Plaintiff or Class Plaintiffs.

65. Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

66. In violation of the FLSA, Defendant failed to select and document a fixed, regularly-recurring workweek of 168 hours – i.e. seven, consecutive, 24-hour periods – with respect to the compensation of Plaintiff and Class Plaintiffs. <u>See</u> 29 C.F.R. § 516.2(a)(5).

67. For example, Defendant utilized work periods beginning and ending on three (3) different days of the week within a three (3) month time span, including periods beginning on Friday, June 4, 2021; Monday, July 19, 2021; and Wednesday, August 4, 2021.

68. It is believed and therefore averred that Defendant's failure to select and document a fixed, regularly-recurring workweek illustrates the willful nature of Defendant's failure to pay overtime compensation.

69. In addition, when Plaintiff complained to Defendant's Owner, Carlos M. Garcia ("Mr. Garcia"), about the long hours he and Class Plaintiffs were expected to work without receiving overtime compensation, Defendant responded that he and Class Plaintiffs were not entitled to receive overtime compensation because they were paid a daily rate.

70. Upon information and belief, when Class Plaintiffs complained Mr. Garcia and Human Resources/Payroll Manager Joann Gentry, about Defendant's failure to pay overtime compensation during a Team Lead conference call, Mr. Garcia indicated that he "would speak to his attorney about it," but no changes were made.

71. As a result of Defendant's aforesaid willful and illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201,** *et seq.*
<u>**FAILURE TO PAY OVERTIME COMPENSATION**</u>

72. Paragraphs 1 through 71 are/were hereby incorporated by reference as though the same were fully set forth at length herein.

73. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

74. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

75. Defendant misclassified Plaintiff and Class Plaintiffs as independent contractors, rather than employees, within the meaning of the FLSA, and/or paid them solely on a day rate basis, thus failing to pay them overtime compensation for all hours worked over forty (40) in a workweek.

76. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

77. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

78. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant at any point during the past three (3) years in the positions of Project

Manager and/or Team Lead/Senior Project Manager, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

  C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

  D. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

  E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

  F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

  G. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

  H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

  I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

  J. For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

                        Respectfully submitted,

                        **MURPHY LAW GROUP, LLC**

                By:  /s/ Michael Groh
                     Michael Murphy, Esquire
                     Michael Groh, Esquire
                     Eight Penn Center, Suite 2000
                     1628 John F. Kennedy Blvd.
                     Philadelphia, PA 19103
                     TEL: 267-273-1054
                     FAX: 215-525-021
                     murphy@phillyemploymentlawyer.com
                     mgroh@phillyemploymentlawyer.com
                     Attorneys for Plaintiff

Dated:   September 29, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.